IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL L. RICHARDSON,<br><br>            Plaintiff,<br><br>      vs.<br><br>VIP RESEARCH, INC., JOHN DOE,<br>JOURNAL BROADCAST GROUP, Inc.;<br><br>            Defendants. | 8:13CV165<br><br>MEMORANDUM AND ORDER |

Prior to filing this case, Plaintiff Daniel L. Richardson filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Nebraska. Richard D. Meyers, the Trustee for Richardson's bankruptcy estate, now moves to intervene as a party in the above-captioned case. (Filing No. 61). For the reasons discussed below, the motion to intervene will be granted.

STATEMENT OF FACTS

Richardson's complaint and the Trustee's proposed intervening complaint both seek recovery for unsolicited telephone calls allegedly made by Defendant VIP on behalf of Defendant Journal in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA").

Richardson's bankruptcy case was filed on October 5, 2012. His original bankruptcy schedules did not disclose any potential TCPA claims. (Filing No. 62-1). The bankruptcy case was closed on January 16, 2013. (Filing No. 62-2, ¶ 4).

Richardson filed the above-captioned case on May 23, 2013, seeking recovery for 182 unsolicited telephone calls which allegedly violated the TCPA and occurred after the bankruptcy petition was filed. The amended complaint specifically states that

Richardson's "lawsuit does not challenge the legality of any phone calls made on or before the date of filing of the aforementioned petition in bankruptcy." (Filing No. 29, ¶ 31).

On April 1, 2014, Richardson moved to reopen his bankruptcy case to disclose potential TCPA claims arising from pre-bankruptcy calls made by or for the defendants. (Filing No. 62-2). The motion to reopen was unopposed. On April 25, 2014, Richardson filed an amended bankruptcy schedule which listed TCPA claims. (Filing No. 62-3). The Trustee filed a claim of assets on April 28, 2014, which identified "[c]auses of action for pre-petition collection calls from VIP Research, Inc., and Journal Broadcast Group, Inc." as assets of the estate. (Filing No. 62-4). On May 21, 2014, the Trustee moved for leave to hire counsel to pursue the TCPA claims on behalf of the estate. (Filing No. 62-5). The Trustee's motion to intervene in the above-captioned case was filed on May 30, 2014. (Filing No. 61).

LEGAL ANALYSIS

Rule 24 of the Federal Rules of Civil Procedure recognizes two types of intervention: intervention as a matter of right, and permissive intervention at the discretion of the court. The court must grant a timely filed motion to intervene to anyone who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

To intervene as a matter of right under Rule 24(a), the proposed intervenor must establish that it timely filed the motion, it has a recognized interest in the litigation, its interest may be impaired by the resolution of the case, and no other party can adequately protect its interest. South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 992, 785 (8th Cir. 2003). "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." Id. (citing Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999)).

The Trustee filed his motion to intervene only five weeks after receiving notice of potential pre-bankruptcy TCPA claims. The motion was timely. As the owner of the pre-bankruptcy claims, the Trustee has standing to pursue those claims: Richardson does not, either on his own behalf or on behalf of the Trustee. So if the Trustee is foreclosed from intervening, the estate's interests in the pre-bankruptcy TCPA claims will be harmed. The Trustee is entitled to intervene as a matter of right.

Even if the Trustee does not have a right to intervene, permissive intervention is appropriate under the facts presented. A court may permit intervention if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003)(citations omitted).

The only distinction between Richardson's complaint and the Trustee's proposed complaint in intervention is the date when the alleged unlawful calls were made. Richardson's complaint seeks recovery for calls made on or after the date he filed his bankruptcy petition: The Trustee's proposed complaint seeks recovery for pre-

bankruptcy calls. The Trustee's proposed complaint and Richardson's complaint clearly raise common questions of law and fact.

The trial setting for this case is January 26, 2015, the discovery deadline remains three months away, and dispositive motions are not due until October 15, 2014. Moreover, the Trustee's claims are so closely related to Richardson's claims that very little additional discovery may be needed. The court therefore finds that intervention will not unduly delay this case, especially when compared to the prejudice to the Trustee if the motion to intervene is denied.

Accordingly,

IT IS ORDERED:

1) Defendant VIP's objection, ([Filing No. 64](#)), is denied.

2) The Motion to Intervene filed by Richard D. Myers, Chapter 7 Bankruptcy Trustee of the Bankruptcy Estate of Daniel L. Richardson, ([Filing No. 61](#)), is granted.

3) The Trustee's Complaint in Intervention, a copy of which is attached to his motion, shall be filed on or before July 3, 2014.

June 30, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.